## N. B. PALMERTREE V. THE STATE.

No. 15827.   Delivered March 15, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 137.

512

The opinion states the case.

*Grady Sturgeon* and *H. B. Birmingham,* both of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; penalty assessed at confinement in the penitentiary for a period of four years.

The state's witness, Olsen, a master mechanic for the Frisco railroad, having an office at Paris, Texas, gave in substance the following testimony: On the 9th day of September, 1932, the deceased, Jack North, entered the office of the witness. A short time thereafter, the appellant entered the office and said that "he was going to shoot the low down dog," and also stated, "I am going to shoot you." North said, "Don't shoot," but the firing had already begun. North fell down on the floor, but later got up, and, while fleeing, was again shot by the appellant. Four shots were fired by the appellant.

A doctor testified that the injuries resulted in the death of North. He described the location and character of the wounds, stating among other things, that "the puncture wound through the abdomen was a serious wound and a mortal wound."

Appellant testified in his own behalf and enumerated a number of instances in which the hostility of North against him had been shown. Both North and the appellant were in the service of the Frisco Railroad at Paris, Texas. There was testimony from the appellant and others that North was aggrieved at the appellant about some alleged transactions following the discharge of North; also that North had made a number of statements indicating his desire to injure the appellant in his standing with the railroad company. Appellant and other

witnesses also testified to a number of threats which had been communicated to the appellant; some of them being threats to take the life of the appellant.

The appellant's office was near that of the witness Olsen. There was also a tool house nearby. The appellant's occupation called for him to go from time to time to the office of Olsen and to the tool house. On the day of the homicide, North, according to the appellant, came into the office of the appellant and threatened to kill him, and, fearing death from the use of an iron bar by North, the appellant fled. After seeing North leave in his car, the appellant returned to his office, got his gun and put it in his pocket. He later went to the office of the master mechanic without knowledge that North was there. Appellant went around to speak to Olsen and saw North, who immediately jumped up and made a demonstration as though he were drawing a weapon. Thinking his life was in danger, the appellant began to fire. North outweighed the appellant some forty pounds. According to some of the testimony, North had the reputation of a man of violence and one who would probably execute a threat.

English, a special officer of the railroad company, testified that North had reported to him what he claimed to be certain irregularities and conduct detrimental to the appellant and such as, if true, would probably have caused him to be discharged by his employer. Among other things, it was charged that the appellant was associating with lewd women and was addicted to drunken brawls.

Bill of exception No. 1 complains of the refusal of the court to receive the testimony of the witness English to the effect that he had learned that North had attempted to employ people to put whisky in the office of the appellant and report the matter to the officers so that he would be arrested. This manifestly called for hearsay testimony, and its exclusion by the court was not error.

In Bill No. 2 complaint is made of the refusal of the court to permit the appellant's witness English on cross-examination to testify that he had made an investigation of the charges against the appellant by North and found that they could not be sustained. It is manifest from the bill and from the record that the question called for hearsay testimony.

Bill No. 3 complains of the refusal of the court to permit the appellant, on the cross-examination of the witness English, to prove that, whenever there was a prospective law-suit against the company, it was his duty to collect the evidence. The inquiry seems entirely irrelevant to the issues involved.

In Bill No. 4 it appears that, while the appellant's witness English was upon the witness stand, he was asked by the appellant's counsel the following question: "Now, then, I believe Mr. Hutchinson asked you if North said to you that he was doing that for the purpose of protecting his job. I will ask you if a short time after that an investigation was made of those charges and of the men and if Jack North was not released and discharged and this man retained?"

The objection that the testimony was irrelevant and immaterial was sustained, the court stating that it called for hearsay testimony. It is thought that all of the bill shows no error. Moreover, it may be added that it was in evidence without controversy that in the reduction of the employees of the railroad company North had been released and the appellant retained.

In Bill No. 5, it appearss that the appellant's witness Lohmann was asked if he did not know of the appellant having been charged with drunkenness. The relevancy of the testimony is not perceived, nor is it shown to have been so.

In Bill No. 6, it appears that while the witness Adams was being cross-examined, the state's attorney asked him if on the day of the shooting he did not furnish liquor to the appellant. The answer was "No." We think the bill shows no substantial error.

Apparently Bill No. 7 reflects an effort to impeach the witness Cunningham, but the bill is meager to a degree that we are not able to comprehend the purport of the appellant's complaint.

Bill No. 8 complains of the refusal of the court to give a peremptory instruction to the jury eliminating the issue of malice aforethought. No error is perceived.

Bill No. 9 complains of the remarks of the state's attorney. The bill is regarded as showing no error. A discussion of it is not deemed necessary.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The only point stressed in the motion for rehearing is the claimed improper argument of the state's attorney, complaint of which is found in bill of exception number nine. The attorney expressed his opinion that certain witnesses for appellant were favorable to him because they were afraid civil suit would be filed against the railroad by the wife and children of deceased, in the event appellant should

be convicted. It is not clear from the bill whether objection was interposed at the time the argument was made, but it shows that the court gave a written instruction directing the jury not to consider the argument. We are not impressed with the view that the argument was of such vicious or harmful character that the action of the court in withdrawing it did not properly care for the matter.

The motion for rehearing is overruled.

*Overruled.*